```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
         Civil No. 17cv781(DSD/KMM)
```

The Order of St. Benedict,

      Plaintiff,

v.                                                      **ORDER**

St. Paul Mercury Insurance
Company, et al.,

      Defendants.

    Robert T. Stich, Esq., Stacey L. Sever, Esq. and Stich Angell Kreidler Dodge & Unke, P.A., 250 2nd Avenue South, Suite 120, Minneapolis, MN 55401, counsel for plaintiff.

    Lance D. Meyer, Esq. and O'Meara Leer Wagner & Kohl, PA, 7401 Metro Blvd., Suite 600, Minneapolis, MN 55439, counsel for defendants.

This matter is before the court pursuant to the court's sua sponte order to show cause and the motion for remand by plaintiff The Order of St. Benedict (Order). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion to remand and dismisses the case.

**BACKGROUND**

This insurance coverage dispute arises out of an underlying claim by Doe 312 that Father Tim Gillespie, a member of the Order, sexually abused him between 1989 and 1990. Doe 312 alleges that the defendants in the underlying case are liable for Gillespie's conduct under theories of nuisance, negligence, negligent

supervision, and negligent retention.  Defendant St. Paul Mercury Insurance Company (St. Paul) insured the Order under Policy No. CK06304393 from July 1, 1990, to July 1, 1991.  Compl. ¶ 9.  The policy provides commercial general liability coverage and umbrella liability coverage.  Id. ¶¶ 10-16.

On February 22, 2017, the Order commenced this lawsuit against St. Paul, The Church of St. Joseph, Doe 312, and Diocese of St. Cloud in Stearns County, Minnesota.  The Order seeks a declaration that St. Paul has a duty to defend and indemnify it in the underlying case.  The complaint does not assert any actual claims against The Church of St. Joseph, Doe 312, or Diocese of St. Cloud, nor does it seek relief against those defendants.  On March 15, 2017, St. Paul removed the case to this court asserting, in part, that The Church of St. Joseph, Doe 312, and Diocese of St. Cloud are improperly named as defendants and should be realigned as plaintiffs, thereby creating diversity jurisdiction. ECF No. 1, at 3-4.

Because this case appeared to be substantially similar to St. Paul Mercury Insurance Company v. The Order of St. Benedict, No. 15-cv-2617 (DSD/KMM), in which the court recently granted summary judgment to St. Paul, the court ordered plaintiff to show cause why:  (1) The Church of St. Joseph, Doe 312, and Diocese of St. Cloud are properly joined as defendants in this matter, and (2) the case should not be dismissed based on the doctrines of res judicata

or collateral estoppel or based on the court's reasoning in the order dismissing the prior related case.[1] In responding to the court's order, the Order moved to remand the case to Stearns County for lack of diversity jurisdiction.

**DISCUSSION**

**I. Motion to Remand**

A claim may be removed to federal court "only if it could have been brought in federal court originally." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The removing party, as the party invoking jurisdiction, bears the burden of establishing by a preponderance of evidence that federal jurisdiction existed at the time of removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Missouri ex rel. Pemiscot Cty. v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). Jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

---

[1] In the previous case, the court held that the same policy excluded coverage for sexual abuse. St. Paul Mercury Ins. Co. v. The Order of St. Benedict, No. 15-2617, 2017 WL 780572, at *3-5 (D. Minn. Feb. 28, 2017). The Order nevertheless seeks coverage for similar alleged conduct in this case.

3

The Order argues that the court lacks jurisdiction over this case because it is a Minnesota citizen as are defendants Diocese of St. Cloud, The Church of St. Joseph, and Doe 312.[2] St. Paul concedes that complete diversity is lacking as the case is currently captioned but argues that the absent defendants should be realigned as plaintiffs because their interests match those of the Order.[3]

In determining whether to realign the parties, the Eighth Circuit applies the "actual and substantial conflict" test. Alliance Energy Servs., LLC v. Kinder Morgan Cochin LLC, 80 F. Supp. 3d 963, 972-73 (D. Minn. 2015) (quoting Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870-71 (8th Cir. 1966)). Under that test the court must decide whether there is "any actual and substantial conflict existing between the parties as aligned." Id. (internal quotation marks omitted). If such conflict exists, the court should not realign the parties. Id.

---

[2] None of these defendants has made an appearance in this matter and it is unclear whether they will do so. In fact, Doe 312 answered the complaint in Stearns County by requesting dismissal because the complaint asserts no legal claims against him. Meyer Decl. Ex. B. The court therefore will refer to these defendants as the "absent defendants."

[3] St. Paul appears to concede that the absent defendants are properly joined in this case under Minn. Stat. § 555.11, which has been construed more broadly than Fed. R. Civ. P. 19. Unbank Co., LLP v. Merwin Drug Co., 677 N.W.2d 105, 108 (Minn. Ct. App. 2004). In this respect, this case differs from the previous case in which the court held that the absent parties were not required parties under Rule 19. St. Paul Mercury Ins. Co., 2017 WL 780572, at *2.

In the insurance coverage context, this court has held that it is appropriate to realign the injured party to the side of the insured given their shared interest in the outcome of the coverage case. Interlachen Props., LLC v. State Auto Ins. Co., 136 F. Supp. 3d 1061, 1071 (D. Minn. 2015); see also Garcia v. Century Surety Co., No. 14-3196, 2015 WL 1598069, at *2 (D. Colo. Apr. 7, 2015) (collecting cases and holding that "[f]ederal courts routinely realign the parties to place the injured third party on the same side of the caption as the tortfeasing insured, as against the insurer"); Home Ins. Co. of Ill. v. Adco Oil Co., 154 F.3d 739, 741 (7th Cir. 1998) ("[T]he normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party.").

Here, despite the Order's resistance to realignment, its own words establish the propriety of doing so:

> Doe 312, the Diocese of St. Cloud and the Church of St. Joseph each have a financial interest in any determination of St. Paul's coverage for the Order .... Doe 312 has a financial stake in securing coverage to satisfy any verdict or settlement. Similarly, ... the Diocese and the Church face joint and several liability with the Order ... which ... would allow Doe 312 to reallocate to them any amount he could not collect from the Order. Thus, each has direct interest in ensuring that the Order has the financial wherewithal to satisfy its own share of any settlement or judgment.

Pl.'s Mem. at 6. Indeed, the Order's interests and those of the absent parties are fully aligned given that they would all benefit from a determination that the policies cover the underlying

5

conduct. The Order seeks insurance coverage in order to avoid having to satisfy a potential judgment in the underlying case. And the absent parties would undoubtedly prefer to have insurance proceeds readily available should the Order be found liable.

The Order argues that realignment is nevertheless inappropriate because the relevant parties' interests diverge in the underlying litigation. That argument is unpersuasive. In assessing realignment, the court considers the case before it, not the claims and defenses raised in the underlying suit. See Garcia, 2015 WL 1598069, at *2 (rejecting the argument that adverse interests in the underlying negligence action precluded realignment because in declaratory judgment actions against insurers, "[t]he question is whether [the insured and injured party] have adverse interests as to this coverage action"). As a result, the court will realign the parties. Diocese of St. Cloud, The Church of St. Joseph, and Doe 312 are now plaintiffs in this action.

## II. Collateral Estoppel

The remaining issue is whether this case should be dismissed on the grounds of collateral estoppel.[4] The doctrine of collateral estoppel bars the re-litigation of an issue that was "distinctly contested and directly determined" in an earlier adjudication. Hauschildt v. Beckingham, 686 N.W.2d 829, 837 (Minn. 2004). The

---

[4] The parties agree that the doctrine of res judicata does not apply.

6

issue must have been "necessary and essential to the resulting judgment" in the earlier action. Id.

The Order concedes that it is estopped from re-litigating the issues decided in the previous case. It argues, however, that this case is distinct because it involves the issue of whether the mental-illness exception applies to Gillespie's alleged conduct.[5] See B.M.B. v. State Farm Fire & Cas. Co., 664 N.W.2d 817, 826 (Minn. 2003) (holding that the intent to injure inferred when a person sexually abuses a minor may be rebutted by evidence that the abuse was "unintentional because of mental illness"). If the exception applies, Gillespie may be deemed a "protected person" under the policy and there may be coverage for his conduct.

There are two problems with the Order's position. First, in this context, the mental-illness exception is similar to an affirmative defense on which the Order bears the burden of proof. See RAM Mut. Inc. Co. v. EMC Prop. & Cas. Co., No. A14-197, 2014 WL 4176131, at *5 (Minn. Ct. App. Aug. 25, 2014) ("Although an insurer generally bears the burden of proving that a policy exclusion applies to bar coverage, the burden is modified in the context of a mental illness claim against application of an intentional-act exclusion. In that context, the law establishes a rebuttable presumption of sanity that benefits the insurer, and the party

---

[5] The Order also argued in its papers that Gillespie may not be a member of the Order, but, at the hearing, counsel for the Order conceded the issue.

asserting mental illness must rebut the presumption."). Yet the Order has failed to plead that the mental-illness exception may apply. "Generally, failure to plead an affirmative defense results in a waiver of that defense." First Union Nat'l Bank v. Pictet Overseas Trust Corp., 477 F.3d 616, 622 (8th Cir. 2007).

Second, it appears that the Order has long had access to the information needed to assert the mental-illness exception. It maintains files, which include medical records, on its members, including Gillespie. Meyer Decl. Exs. D-E. Further, it could have requested additional information about Gillespie in the underlying litigation, which has been ongoing for over a year. Because the Order apparently did not do so and because it is the only issue that distinguishes this case from the previous one, the court will dismiss the case based on the doctrine of collateral estoppel. The court does so without prejudice, however, to allow the Order to raise the issue in a new action if it can do so consistent with Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants Diocese of St. Cloud, The Church of St. Joseph, and Doe 312 are realigned as plaintiffs in this action;

2. The motion to remand [ECF No. 15] is denied; and

3. The case is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 24, 2017

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court